IN ERROR.
........
ALBANY,
February, 1822.

WEBB
v.
BROWN.

*April 1st.*

</div>

---

JOHN P. WEBB, plaintiff in Error.
*against*
RICHARD T. BROWN, defendant in Error.

*WOODS*, for the defendant in error, on a certificate of the clerk of this Court, that no transcript of the record had been returned or filed, moved (*January* 28th) that the writ of error be dismissed with costs.

THE CHANCELLOR observed, that as nearly a month had elapsed since the session of the Court commenced, he was inclined to grant the motion; but the question was, whether notice of the motion ought not to have been given to the plaintiff in error.

signed, and no sufficient excuse for the delay shown, the writ was dismissed, taxable costs only.

<div style="text-align:right">

A writ of error will not be dismissed, on the ground that no transcript of the record had been returned and filed, without a regular *notice* of the motion for that purpose.
Where a writ of error was returned at the last Court, and the transcript of the record had not been filed, nor errors assigned, with the usual

</div>

IN ERROR.
........
ALBANY,
February, 1822.

WEBB
v.
BROWN.

SPENCER, Ch. J. said, that the *third* rule of the Court, (16 *Johns. Rep.* 603.) did not apply to this case, but to cases where the plaintiff in error had neglected to assign errors. At any rate, he thought the motion ought not to be granted without a previous notice to the adverse party; for aught that appeared to the Court, the delay might arise from the consent of the parties.

THE CHANCELLOR thought the case clearly within the *first* rule of the Court; but it might be proper to require previous notice of the motion.

THE COURT denied the motion; but gave leave to the party to renew his application, on giving eight days notice to the plaintiff in error.

*Feb.* 11th.—*Woods*, this day, again moved to dismiss the writ of erorr. He read an affidavit stating that no errors had been assigned, and produced the certificate of the clerk of this Court, to that effect. He, also, read an affidavit of service of notice of this motion, on the adverse party, more than *eight* days since.

*Bronson*, contra, read an affidavit stating, that the writ of error, and bail in error, had been duly filed in the Supreme Court, and a transcript of the record made out, &c. but that on diligent inquiry no such person as *Richard T. Brown*, the defendant in error, could be found to exist, and he was believed to be a fictitious person. On this ground, he contended, that the notice ought not to be granted; or, at least, that the Court would give further time to assign errors.

SPENCER, Ch. J. Though the Judges of the Supreme Court have no vote to give on the final decision of this cause, it is proper for them to express an opinion on this collateral matter. It seems to me that the plaintiff in error is too late to make the objection stated in the affidavit read by his counsel. The writ of error was returnable at the last session of this Court; and the plaintiff in error has

been guilty of great *laches.* When the motion was made the other day, I was against granting it, without notice. The plaintiff in error now comes, after notice, with a very insufficient excuse. I am clearly of opinion, that the motion ought to be granted.

<div style="text-align: right">

IN ERROR.
........
ALBANY,
February, 1822.

STARR
v.
BENEDICT.

</div>

*Per totam Curiam.* Motion granted.

*Note.* *Woods,* then, moved, that the Court would award one hundred dollars in addition to the taxable costs, as in the case where the judgment is *affirmed.* (17 *Johns. Rep.* 356.)

SPENCER, Ch. J. said, this case did not come within the principle of the one referred to, as here had been no *affirmance* of the judgment below; but merely a dismissal of the writ of error, under one of the rules regulating the practice of the Court.